# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-18-241-F |
| ) | |
| JOSSUE GIOVANNI RUBIO- ) | |
| VILLARREAL, ) | |
| ) | |
| Defendant. | |

## ORDER

Defendant Jossue Giovanni Rubio-Villareal, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.[1]  Doc. no. 44.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 47.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to Count 1 of a Superseding Information charging a conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846.  The Probation Office prepared a presentence investigation report, which calculated defendant's base offense level at 38.  Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(5) because he knew the methamphetamine was imported from Mexico, and a three-level enhancement under U.S.S.G. § 3B1.1(b) because he directed others to transport methamphetamine on his behalf on several occasions,

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

and a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 40.

Based on his criminal history, defendant was assessed a criminal history score of one, establishing a criminal history category of I. With a total offense level of 40 and a criminal history category of I, defendant's advisory guideline imprisonment range was 292 to 365 months.

At sentencing, the court adopted the presentence investigation report without change. The court varied downward and sentenced defendant to a term of imprisonment of 140 months. Judgment was entered on October 31, 2019; defendant did not file a direct appeal.

In his motion, Defendant asserts that his sentence should be reduced based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, because he received zero criminal history points and satisfies all other required criteria.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may

consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 46), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1). Specifically, defendant is not a zero-point offender, as he was assessed one criminal history point, based on his prior criminal history. In addition, defendant received an enhancement under U.S.S.G. § 3B1.1. *See*, U.S.S.G. § 4C1.1(a)(10).

Accordingly, defendant Jossue Giovanni Rubio Villarreal's Motion for Reduction of Sentence Pursuant to 3582(c)(2) in Light of Retroactive Effect of Amendment 821 (doc. no. 44) is **DISMISSED**.

IT IS SO ORDERED this 6th day of December, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0241p009.docx